# EXHIBIT "A"

Filing # 103610261 E-Filed 02/20/2020 10:26:10 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

Lazaro Jimenez
Plaintiff
     vs.
Rent-A-Center East, Inc.
Defendant

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $500,000

**III. TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation
- ☐ County Civil
    - ☐ Small Claims up to $8,000
    - ☐ Civil
    - ☐ Replevins
    - ☐ Evictions
    - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:**
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  s/ Anthony M Georges-Pierre
Attorney or party
FL Bar No.: 533637
(Bar number, if attorney)
Anthony M Georges-Pierre
(Type or print name)
Date: 02/20/2020

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

LAZARO JIMENEZ,

        CASE NO.:

    Plaintiff,

vs.

RENT-A-CENTER EAST, INC.,

    Defendant.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

1. Plaintiff, Lazaro Jimenez, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, Rent-A-Center East, Inc. (referred to as "Defendant"), and brings this action on behalf of himself and other current employees and former employees of Defendans similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216 (b). Plaintiff performed non-exempt duties in connection with his employment for Defendant in Miami-Dade County, Florida. The factual contentions in this complaint have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Plaintiff alleges the following on information, belief, or by investigation of his counsel, formed after an inquiry reasonable under the circumstances, as set forth in the preceding paragraphs:

2. Defendant, have at all times material hereto owned and/or operated a business within the jurisdiction of this Court, including doing business in Miami-Dade County.

3.      This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b).

5.      At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6.      Based upon information and belief, the annual gross sales volume of defendant entity was in excess of $500,000.00 per annum at all times material hereto.

7.      Based upon information and belief for the relevant time period as detailed herein Plaintiff was engaged in interstate commerce.

8.      Based upon information and belief for the relevant time period as detailed herein Plaintiff produced goods for interstate commerce.

9.      Based upon information and belief for the relevant time period as detailed herein Plaintiff produced goods for interstate commerce.

10.     Based upon information and belief for the relevant time period as detailed herein Plaintiff handled goods and/or materials that have been moved in or produced for interstate commerce.

11.     Based upon information and belief for the relevant time period as detailed herein Plaintiff sold goods and/or materials that have been moved in or produced for interstate commerce.

   12. Based upon information and belief for the relevant time period as detailed herein Plaintiff worked on goods or materials that have been moved in or produced for interstate commerce.

13. Based upon information and belief during the relevant time period plaintiff was an employee employed by the defendant business.

14. Based upon information and belief during the relevant time period defendant business had an annual gross volume of sales made or business done of at least $500,000.

15. Based upon information and belief during the relevant time period defendant was engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

16. Based upon information and belief during the relevant time period defendant company regularly used the U.S. mail to send or receive letters to and from other states.

17. Based upon information and belief during the relevant time period Plaintiff and/or Defendant's other personnel used company telephones or computers to place or accept interstate business calls or take orders.

18. Based upon information and belief during the relevant time period defendant company's employees used materials (tools or other articles necessary for doing or making something) in conducting their employers' business which had shipped in interstate commerce.

19. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of forty (40) hours during one or more work weeks on or after January 2018 and did not receive time and a half of their regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks.

20. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendant.

21. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendant.

22. However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

23. The records, if any, concerning the hours worked by Plaintiff, and compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## **COUNT I**

## **RECOVERY OF WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT**

24. Plaintiff readopts and re-alleges the allegations contained in Paragraphs 1 through 23 above.

25. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

26. Defendant knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

27. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

29. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

30. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, and those similarly situated to him who have or will opt into this action, demands judgment, against Defendant, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Plaintiff demands a trial by jury as to each count of this complaint.

Dated this 20 day of February, 2020

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel. (305) 416-5000
Fax: (305) 416-5005
E-Mail: agp@rgpattorneys.com

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637
Max L. Horowitz, Esq.
Florida Bar Number: 118269

**IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA**

**LAZARO JIMENEZ,**

        **CASE NO.:**

    Plaintiff,

vs.

**RENT-A-CENTER EAST, INC.,**

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO:      CT CORPORATION SYSTEM
           Registered Agent for RENT-A-CENTER EAST, INC.
           1200 South Pine Island Road
           Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY**

           Anthony M. Georges-Pierre, Esq.
           REMER & GEORGES-PIERRE, PLLC
           COURTHOUSE TOWER
           44 West Flagler Street, SUITE 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                                                                  DATE

_____
(BY) DEPUTY CLERK